**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTINE LORRAINE HARRIS, | No. 15-15537 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-01584-BAM |
| v. | MEMORANDUM[*] |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding

Submitted February 14, 2017[**]
San Francisco, California

Before:  W. FLETCHER and RAWLINSON, Circuit Judges, and GORDON,[***]
District Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

Appellant Christine Harris appeals from the district court's order affirming the ALJ's denial of disability benefits. We affirm.

A.    *Any error the ALJ made in questioning the vocational expert is not a ground for reversal.*

Harris's primary argument is that the ALJ erred by relying on tainted testimony from a vocational expert. Harris contends that the ALJ improperly asked the expert to give an opinion based on a hypothetical person who could lift up to and including ten pounds when the ALJ found that Harris could lift less than ten pounds. Harris's argument fails because evidence in the record supports the ALJ's hypothetical to the expert. *Magallanes v. Bowen*, 881 F.2d 747, 757 (9th Cir. 1989) ("The limitation of evidence in a hypothetical question is objectionable 'only if the assumed facts could not be supported by the record.'") (citations omitted). In addition, there is no evidence that the alleged error Harris points to was material to the expert's opinion or the ALJ's decision—so it would be a harmless error anyway. *See McLeod v. Astrue*, 640 F.3d 881, 886–88 (9th Cir. 2011).

B.    *The ALJ's credibility determination was adequately supported by the record.*

The ALJ gave significant weight to Harris's subjective testimony. To the extent that the ALJ found some of her testimony less than completely credible, the

ALJ provided legally sufficient reasons supported by substantial evidence in the record. First, the ALJ noted that some of Harris's allegations were inconsistent with the objective medical evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002). Second, the ALJ pointed to the fact that for years Harris received relatively conservative treatment. Third, evidence of Harris's daily activities contradicted the extent of her complaints. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).

C.     *Harris waived her other arguments.*

Harris also argues that the ALJ erred by failing to make additional findings about her limitations and by failing to consider her explanations for adverse evidence in the record. Because Harris raises these arguments for the first time on appeal, they are waived. *Edlund v. Massanari*, 253 F.3d 1152, 1158 n.7 (9th Cir 2001). But even if they were not waived, there is no indication that these errors would be prejudicial; thus they are not grounds for reversal. *McLeod*, 640 F.3d at 886–88.

**AFFIRMED.**

3